UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ERWIN GRAMPP, derivatively        )
on behalf of JBI, INC.,           )
    Plaintiff,                    )
                      )
        v.                        )        Civ. A. No. 13-11906-MLW
                      )
JOHN BORDYNUIK and RONALD C.      )
BALDWIN, JR.,                     )
    Defendants.                   )

MEMORANDUM AND ORDER

WOLF, D.J.                                        September 22, 2015

      Plaintiff Erwin Grampp brought this derivative suit on behalf
of JBI, Inc., on August 9, 2013, alleging breaches of fiduciary
duties by defendants John Bordynuik and Ronald C. Baldwin, Jr.
Grampp alleges that the defendants misrepresented JBI's assets in
filings with the Securities and Exchange Commission ("SEC") in
order to raise capital for JBI. He alleges that these
misrepresentations resulted in SEC fines, which harmed JBI.

      On June 21, 2014, the court allowed Grampp leave to amend his
complaint. Shortly thereafter, Grampp filed an Amended Complaint,
which added one paragraph relating to demand futility. See Amended
Complaint ¶91. The defendants have moved to dismiss the Amended
Complaint on several grounds.

      For the reasons explained below, the defendants' motion to
dismiss is being denied without prejudice. The court is allowing

the parties to engage in limited discovery concerning whether the plaintiff is an adequate shareholder representative.

## I.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief."  This pleading standard does not require "detailed factual allegations," but requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A court may disregard "bald assertions, unsupportable conclusions, and opprobrious epithets."  In re Citigroup, Inc., 535 F.3d 45, 52 (1st Cir. 2008); see also Penalbert-Roia v. Fortuno-Burset, 631 F.3d 592, 595 (1st Cir. 2011).

A motion to dismiss should be denied if a plaintiff has shown "a plausible entitlement to relief."  Twombly, 550 U.S. at 559. That is, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "Where a complaint pleads facts that are merely

consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In considering a motion to dismiss under Rule 12(b)(6), the court must "take all factual allegations as true and . . . draw all reasonable inferences in favor of the plaintiff." Rodriguez-Ortiz v. Marao Caribe, Inc., 490 F.3d 92, 96 (1st Cir. 2007); Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir. 2009). The court "neither weighs the evidence nor rules on the merits because the issue is not whether plaintiffs will ultimately prevail, but whether they are entitled to offer evidence to support their claims." Day v. Fallon Cmty. Health Plan, Inc., 917 F. Supp. 72, 75 (D. Mass. 1996) (Gorton, J.).

"Under Rule 12(b)(6), the district court may properly consider only facts and documents that are part of or incorporated into the complaint." Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009); Rodi v. S. New Eng. School of Law, 389 F.3d 5, 15 (1st Cir. 2004) (considering letters attached to the complaint in evaluating a motion to dismiss). However, there are "narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiff['s] claim; or for documents sufficiently referred to in the complaint." Watterson, 987 F.2d

at 3-4.  When "a complaint's factual allegations are expressly linked to -- and admittedly dependent upon -- a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)." Beddall v. State Street Bank and Trust Co., 137 F.3d 12, 17 (1st Cir. 1998).  When such documents contradict an allegation in the complaint, the document trumps the allegation.  See Clorox Co. P.R. v. Proctor & Gamble Consumer Co., 228 F.3d 24, 32 (1st Cir. 2000).

## II.  DISCUSSION

As indicated earlier, the defendants have moved to dismiss the complaint on several grounds.  For present purposes, the court is addressing only two of the defendants' arguments.  First, the defendants contend that Grampp has failed to allege demand futility adequately under Federal Rule of Civil Procedure 23.1.  Second, the defendants assert that Grampp is not an adequate shareholder representative.

As explained below, the court finds that each of these arguments raise serious concerns.  However, the court finds that it is most prudent to allow the defendants to engage in discovery regarding whether the plaintiff is an adequate shareholder representative.  The court may then allow a motion for summary

judgment on that issue, and further briefing on the defendants' other bases for moving to dismiss the case. Accordingly, the defendants' motion to dismiss is being denied without prejudice.

   A.  <u>Demand Futility</u>

   Federal Rule of Civil Procedure 23.1(b)(3) provides that a plaintiff in a derivative-shareholder suit must "state with particularity" any efforts he has made "to obtain the desired action from the directors or comparable authority," or "the reasons for not obtaining the action or not making the effort." This rule governs the procedural issue of "the adequacy of the shareholder representative's pleadings." <u>Kamen v. Kemper Fin. Servs.</u>, Inc., 500 U.S. 90, 96 (1991). Because demand futility is a pleading requirement, <u>see</u> Fed. R. Civ. P. 23.1(b), it is typically decided on a motion to dismiss. <u>See, e.g.</u>, <u>Kamen</u>, 500 U.S. at 94; <u>Union de Empleados de Muelles de Puerto Rico PRSSA Welfare Plan v. UBS Fin. Servs. Inc. of Puerto Rico</u>, 704 F.3d 155, 159 (1st Cir.2013); <u>In re Sapient Corp. Derivativ Litig.</u>, 555 F. Supp. 259, 264 (D. Mass. 2008).

   The court finds that the defendants have raised a difficult question as to whether the allegations in the Amended Complaint show that any of JBI's directors are "so personally or financially beholden to an interested person, or an interested entity, that 'his or her discretion [is] sterilized.'" <u>Union de Empleados</u>, 704

F.3d at 164.   The adequacy of the demand futility allegations must be evaluated with respect to the plaintiff's original complaint, not the Amended Complaint.   <u>See</u> <u>Braddock v. Zimmerman</u>, 906 A.2d 776, 786 (Del. 2006).   Based on the allegations in the original complaint, Bordynuik's potential influence over JBI's board members is substantially less significant than cases where courts have found that demand was futile.   <u>See, e.g.</u>, <u>Beam ex rel. Martha Stewart Living Omnimedia, Inc. v. Stewart</u>, 833 A.2d 961, 977-78 (Del. Ch. 2003) <u>aff'd</u>, 845 A.2d 1040 (Del. 2004); <u>Mizel v. Connelly</u>, No. CIV. A. 16638, 1999 WL 550369 (Del. Ch. July 22, 1999).   However, the court is not now deciding whether the plaintiff has adequately alleged that demand on JBI's board was excused.

     B.   <u>Adequate Shareholder Representative</u>

     Federal Rule of Civil Procedure 23.1(a) provides that a "derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members who are similarly situated in enforcing the right of the corporation or association."   Federal law governs the question of whether a particular shareholder meets the adequacy-of-representation requirement.   <u>See</u> 28 U.S.C. §1652; Fed. R. Civ. P. 23.1(a); Wright & Miller, 7C <u>Fed. Prac. & Proc. Civ.</u> §1833 (3d ed. 2007) ("Wright & Miller").   The defendant bears

the burden of showing that the plaintiff is not an adequate representative.  See Wright & Miller §1833; Smallwood v. Pearl Brewing Co., 489 F.2d 579, 592 n.15 (5th Cir. 1974) ("The burden is on the defendants to obtain a finding of inadequate representation . . . .).

"Whether a particular plaintiff will fairly and adequately represent the interests of other similarly situated shareholders as required by Rule 23.1 turns upon the facts and circumstances of each case." Rotherbeg v. Security Management Co., Inc., 667 F.2d 958, 961 (11th Cir. 1982).  Courts will often have to evaluate evidence to make this determination.  See Larson v. Dumke, 900 F.2d at 1364.  "Determining whether the plaintiff [is an adequate representative] is firmly committed to the discretion of the trial court, reviewable only for abuse." Smith v. Ayers, 977 F.2d 946, 948 (5th Cir. 1992).

"An adequate representative must have the capacity to vigorously and conscientiously prosecute a derivative suit and be free from economic interests that are antagonistic to the interests of the class." Larson v. Dumke, 900 F.2d 1363, 1367 (9th Cir. 1990).  The Ninth Circuit has identified several "important [factors] in determining the adequacy of representation by a derivative plaintiff under Rule 23.1":

"(1) indications that the plaintiff is not the true party in interest; (2) the plaintiff's unfamiliarity with the

7

litigation and unwillingness to learn about the suit;
(3) the degree of control exercised by the attorneys
over the litigation; (4) the degree of support received
by the plaintiff from other shareholders; ... (5) the
lack of any personal commitment to the action on the
part of the representative plaintiff"; Rothenberg v.
Security Management Co., 667 F.2d 958, 961 (11th
Cir.1982) (citations omitted), (6) the remedy sought by
plaintiff in the derivative action; (7) the relative
magnitude of plaintiff's personal interests as compared
to his interest in the derivative action itself; and (8)
plaintiff's vindictiveness toward the defendants. Davis
v. Comed, Inc., 619 F.2d 588, 593-94 (6th Cir.1980).
These factors are "intertwined or interrelated, and it
is frequently a combination of factors which leads a
court to conclude that the plaintiff does not fulfill
the requirements of 23.1." Id. at 593.

Id.

The defendants have raised serious questions concerning whether the plaintiff is an adequate shareholder representative. The plaintiff concedes that he owns only $10.00 worth of JBI stock. See Pl.'s Opp. to Mot. to Dismiss at 14 n.6. Plaintiff's minimial stake in JBI raises the question of whether the plaintiff has an incentive to "vigorously and conscientiously prosecute [this] derivative suit." Larson, 900 F.2d at 1367.

Furthermore, the defendants allege that the plaintiff has a conflict of interest that render him an inadequate class representative. This is "the most important element to be considered" in deciding whether the plaintiff is an adequate representative. See Wright & Miller §1833. However, the information that the defendant relies on to show that the plaintiff

has a conflict of interest in maintaining this litigation is not attached to or referenced in the plaintiff's complaint. Therefore, the court may not consider the defendant's evidence in deciding the motion to dismiss. <u>See</u> <u>Rivera</u>, 575 F.3d at 15. Additionally, based on the limited evidence provided to the court, it is not now possible to evaluate the many facts that are relevant to deciding whether the plaintiff is an adequate representative. <u>See</u> <u>Larson</u>, 900 F.2d at 1367.

Therefore, the court finds that that it is appropriate to allow limited discovery regarding whether the plaintiff is an adequate shareholder representative to determine if the issue can be resolved on summary judgment. Accordingly, the court is authorizing discovery on the limited issue of the plaintiff's adequacy of representation. If either party believes that it has a proper basis for moving for summary judgment on this ground, the court will establish a schedule to allow the parties to brief the issue.

III. ORDER

In view of the foregoing, it is hereby ORDERED that:

1.   The defendants' Motion to Dismiss (Docket No. 53) is DENIED without prejudice.

2.    The parties shall, by November 23, 2015, complete discovery regarding the issue of whether the plaintiff is an adequate shareholder representative.

3.  The parties shall confer and, by December 10, 2015, report whether they have reached an agreement to resolve this case and, if not, whether either party believes it has a basis for filing a meritorious motion for summary judgment regarding whether the plaintiff is an adequate representative.

4.  A scheduling conference will be held on December 16, 2015, at 4:00 p.m.  The conference must be attended by trial counsel with full settlement authority or with their clients.

/s/ Mark L. Wolf
_____
UNITED STATES DISTRICT JUDGE
